UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

CASE NO.:

SANTIAGO RUIZ and all others similarly   )
situated under 29 U.S.C. 216(B),          )
                                          )
              Plaintiff,                  )
     vs.                                  )
                                          )
DEBI'S WESTERN CAFE, INC. D/B/A           )
HUBBARD'S, A REAL TEXAS CAFE,             )
DEBBIE WHITWORTH,                         )
                                          )
              Defendants.                 )
_____

## COMPLAINT UNDER 29 U.S.C. 201- 216
## OVERTIME VIOLATION

Plaintiff, SANTIAGO RUIZ, through undersigned counsel, files this Complaint against Defendants, DEBI'S WESTERN CAFE, INC. D/B/A HUBBARD'S, A REAL TEXAS CAFE and DEBBIE WHITWORTH, and alleges:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. Plaintiff was a resident of Dallas County, Texas at the time that this dispute arose.

3. Defendant, DEBI'S WESTERN CAFE, INC. D/B/A HUBBARD'S, A REAL TEXAS CAFE, is a corporation that regularly transacts business within Dallas County. Upon information and belief, Defendant Corporation was the FLSA employer for Plaintiff's respective period of employment ("the relevant time period").

4. The individual Defendant, DEBBIE WHITWORTH, is the corporate officer and/or owner and/or managing partner of the Defendant Company, DEBI'S WESTERN CAFE, INC. d/b/a HUBBARD'S, A REAL TEXAS CAFE, ran the daily operations of the Defendant Company for the relevant time period, was responsible for paying Plaintiff's wages for the relevant

time period, and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. 203 (d).

5. All acts or omissions giving rise to this dispute took place in Dallas County.

## COUNT I
## FEDERAL OVERTIME WAGE VIOLATION

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

7. This action arises under the laws of the United States. This case is brought as a collective action under 29 USC 216(B). It is believed that the Defendants have employed several other similarly situated employees like Plaintiff who have not been paid the proper wages under the Fair Labor Standards Act.

8. 29 U.S.C. § 207 (a) (1) states, " if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…."

9. Plaintiff, SANTIAGO RUIZ, worked as a cook from about 2/10/2004 through about 1/6/2012.

10. During the relevant time period, Defendants operated two restaurants that Plaintiff, SANTIAGO RUIZ, worked at; one located at 901 Main St., Garland, TX 75040 and the other located at 3324 Lakeview Pkwy, Rowlett, TX 75088.

11. Defendants' business activities involve those to which the Fair Labor Standards Act applies. Both the Defendants' business and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used

and transported on a constant and/or continual basis and/or that were supplied to Plaintiff by the Defendants to use on the job moved through interstate commerce before and/or after Plaintiff's use of the same. Plaintiff's work for Defendants was actually in and/or so closely related to the movement of commerce while Plaintiff worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants. Defendants' business is restaurant operations.

12. Upon information and belief, the Defendant Corporation had gross sales or business done in excess of $500,000 annually from 2008 through present.

13. Furthermore, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

14. From about 2/10/2004 through about 1/6/2012, Plaintiff, SANTIAGO RUIZ, worked an average of 65 hours per week and was paid an average of $10 per hour, but was never paid the extra half-time rate for weekly hours worked over 40 as required by the Fair Labor Standards Act and Plaintiff therefore claims the unpaid half-time for each overtime hour worked above 40 in a workweek.

15. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

WHEREFORE, Plaintiff requests double damages and reasonable attorneys' fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. The Plaintiff requests a trial by jury.

        Respectfully Submitted,

        J.H. ZIDELL, P.C.
        6310 LBJ Freeway
        Suite 112
        Dallas, Texas 75240
        Tel: (972) 233-2264
        Fax: (972) 386-7610

        By:__/s/ J.H. Zidell_____
          J.H. Zidell, Esq.
          Texas Bar No. 24012877